IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSE GOMEZ,** | )( | Civil Action No.: 18-cv-1224 |
| | )( | |
| *Plaintiff,* | )( | |
| | )( | |
| V. | )( | **JURY TRIAL** |
| | )( | |
| **CITY OF HOUSTON, TEXAS;** | )( | |
| **JACOB. B. SIMMERMAN,** *Individually;* | )( | |
| **RON KLOEPPEL, a** *Individually;* **and** | )( | |
| **CHRISTOPHER E. HEAVEN,** *Individually,* | )( | |
| | )( | |
| *Defendants.* | )( | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COMES Plaintiff JOSE GOMEZ and complains of the CITY OF HOUSTON, TEXAS; JACOB B. SIMMERMAN, *individually;* RON KLOEPPEL, *individually*; and CHRISTOPHER E. HEAVEN, *individually;* and will show the Court the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any. Venue is proper in this Court, under 28 U.S.C. § 1391(b) because the incident at issue took place in Harris County, Texas within the United States Southern District of Texas.

### PARTIES

2. Plaintiff Jose Gomez is a resident of Harris County, Texas.

3. The City of Houston, Texas, is a municipality existing under the laws of the State of Texas and situated mainly in Harris County, Texas in the U.S. Southern District of Texas and

has been served with process by serving the City of Houston Secretary at 901 Bagby, Houston, TX 77012.

4. Defendant JACOB B. SIMMERMAN is sued in his individual capacity and can be served with process at 61 Reisner, Houston, TX 77002 or wherever he is found.

5. Defendant RON KLOEPPEL is sued in his individual capacity and can be served with process at 61 Reisner, Houston, TX 77002 or wherever he is found.

6. Defendant CHRISTOPHER E. HEAVEN is sued in his individual capacity and can be served with process at 61 Reisner, Houston, TX 77002 or wherever he is found.

## INTRODUCTION

7. Three Houston police officers stopped Jose Gomez, a small man, for a traffic violation and then violently threw him to the ground hitting his face, wrenched his arm, and kneed his back causing extensive damage requiring surgery and physical therapy. To cover up the assault the HPD officers charged Jose with resisting arrest, but when the body camera videos came out the resisting charge was dismissed. See video at **Exhibit 1.**[1]  There is long history of unjustified excessive force by City of Houston police and jailers.

## ADDITIONAL FACTS

8. Jose Gomez ("Jose") is 41 years old and has never been convicted of a crime in his life. He is the father of 3 daughters and has a small moving business-Three Men Movers- for around the last twenty years.

9. March 29, 2017 Jose was driving home after work around 8 p.m. when he was pulled over by Houston Police Department ("HPD") SUVs for a traffic violation. Jose had not been drinking nor had he consumed any mind-altering substances. See **Exhibit 1** video. Christopher E. Heaven ("Heaven") and HPD officers Jacob B. Simmerman ("Simmerman") and

Ron Kloeppel ("Kloeppel") exit their vehicles and approach Jose who rolls down his window. The officers are angry as they claim Jose almost hit one of their vehicles. Jose is wearing a Three Men Movers t-shirt.

10. Heaven asks Jose for his driver's license. Jose says he does not have his wallet on him as it is in the back seat. **Exhibit 1.** Heaven and Simmerman then tell Jose he has no driver's license when in fact he has a driver's license and to get out the vehicle to which Jose complies. They then grab Jose's arm, throw Jose to the ground causing his face to hit the asphalt, twist and wrench his arm, and put knees into his spine whilst shouting "fuck" and "motherfucker." This caused Jose to tear ligaments in his shoulder, to injure discs in his vertebrae, to bruise his face and to injure his elbow.

11. All the officers then searched Jose's vehicle for contraband including looking at papers, underneath seats, opening small Altoids containers, opening the glove box and throughout the vehicle without taking an iovetory. Jose did not give anyone permission to search his vehicle.

12. The officers then charged Jose with resisting arrest when Jose did not resist arrest but was calm and cooperative throughout. Jose's calmness was only broken by his severe injuries. Defendants falsely told the Harris County intake Assistant District Attorney that Jose had resisted arrest and wrote false statements in the police incident report supporting the false arrest.

13. Jose hired criminal defense attorney Mike DeGeurin at a cost of around $5000 to represent him on his criminal resisting arrest charge. After around four appearances at the courthouse the case was dismissed July 14, 2017 and ended in Jose's favor without any punishment or requirement.

---

[1] Exhibit 1 is a video hand delivered to the court as it is too large for ECF filing.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                 Page 3

14. Both Charles Chukwu in 2008 and Trenton Garrett in 2009 were severely beaten at a Houston jail by City of Houston employees without valid reason and despite, in both cases, there being a video of the incident clearly showing excessive force no City of Houston employee was disciplined in the matter even though IAD investigations were performed in both cases.

15. There have been many instances of obvious excessive force at by the Houston Police Department and at the Houston jails which have been investigated by the City of Houston Police Internal Affairs Department ("IAD") and there has been no discipline or retraining.

16. November 18, 2014 HPD Officer S. Corral is caught on video smashing a handcuffed arrestee Reuben Williams' head into an iron jail cell door. Then Officer Corral applies a neck nerve hold on a non-resisting Rueben until he passes out whilst bleeding profusely. To cover-up his crime Officer Corral falsely charges Reuben Williams with felony harassment of a public servant for spitting on him but then, quite strangely, fails to collect the important DNA-rich saliva evidence. HPD Internal affairs reviewed the video and yet no discipline was meted out as smashing a handcuffed prisoner's head into an iron door jamb is allowable under the City of Houston jail practices. The harassment charge was dismissed.

17. In 2016 Akrem Azzam was beaten several times by Houston jailer Lasswon Harris. Houston jailer Sheila Ross had the opportunity to intervene in the several beatings but chose not to. Jailer Shannon plead guilty to assault causing bodily injury in a Harris County court, sentenced to jail time and put on community supervision. Houston jailer Lasswon Shannon was caught on video repeatedly striking handcuffed Azzam in the head and face and slamming him onto the filthy concrete jail cell floor with Jailer Ross looking on.

18. Over the last 13 years there has been over 250 instances of Houston Police Department wounding and killing individuals by firearms yet there has been no discipline or

finding of any misconduct by the shooting officers despite many instances of clear excessive force.

19. Houston Chief of Police McClelland and past Chiefs of Police and staff back to at least January 1, 2000 were aware of the many instances of excessive force at the jail and elsewhere that were unjustified but have not retrained or disciplined officers such that excessive force remains a custom and practice at the Houston City jails and elsewhere.

20. Some of these instances include (all caught on video, reviewed by supervisors and no or inadequate discipline or retraining meted out):

    1. July 21, 2000 - Wanda Brent; During pat down in the jail was taken to the ground with force when there was no need. Many HPD officers were involved.
    2. February 17, 2007 - Steven Mikeasley is handled in hallway, pushed up against wall. Period of time off camera, then back in view hogtied.
    3. June 5, 2007 or March 5, 1997 - Brian Golott. Brought into the jail intake are forcefully without reason. Put on gurney and taken to isolation. City blacks out center of a video recording out so can't see what's going on. At least 3 HPD officers involved.
    4. September 23, 2007 Inmate taken down without reason with many HPD officers involved.
    5. November 19, 2007 - Hasan Matthews was suddenly taken down by 3 officers and handcuffed in initial jail booking area.
    6. January 27, 2008 - Samuel Smith was talking on the phone in the jail holding cell when 2 officers enter, take him down and lead out without reason.
    7. April 4, 2008 - Alexandra Koch (sp.?) was laying on floor in isolation, 6 HPD officers or jailers come in, wrestle with her and take her out of room and out of camera visual. She's on the ground and the officers walk away. It appears that a few come and check on her and she's taken out of the police department and put in an ambulance.
    8. May 26, 2008 - Kenneth Cert (sp.?) suddenly on the ground on other side of jail hall with one officer or jailer. Video excises 30 seconds until next frame and Kenneth is standing up on the initial side of the hall.
    9. June 5, 2008 - Nakia Stark (sp.?) something happens at the jail inateke windows and she's taken to isolation. She hits the walls and is in isolation for about 10 minutes before they take her out and take photos. She then leaves space.
    10. June 21, 2008 - Jeffrey Clark man in white shirt taken down and cuffed during booking for no apparent reason.
    11. June 21, 2008 (?) -Man in yellow shirt and red visor is on the phone in holding cell. He walks past the door and sits down. He is grabbed and taken down by 3 officers without reason.

12. July 26, 2008 - Clyde Jones is taken down in first few jail video frames by officers and punched for no apparent reason.
13. September 30, 2008 - Furrell Holmes. Officers break up a fight in the jail cafeteria. Officer tackles a guy in sleeping area and video is altered.
14. October 18, 2008 – inmate taken down on video without reason then 2, 3, then 4 officers punching and kicking him. Taken down the hall and pushed up against the wall.
15. December 28, 2008 - Three officers carry in guy with a bloody head lifted into the air.
16. January 17, 2009 - Timothy Peavy was held against a wall when handcuffed and taken down by 5 officers without reason.
17. April 12, 2009 - Oliver Nicholas was suddenly on ground but video is altered.
18. August 23, 2009 - Inmate is cell hall and is hit repeatedly and choked without reason.
19. October 13, 2009 - C. Whitley. Officer goes after inmate and brings him to the ground. Takes multiple officers to get under control. Force was greater than needed.
20. December 12, 2009 - Eric Cossie was thrown down by neck. There was no reason as inmate doesn't fight back just puts up hands to protect himself.
21. February 13, 2010 - David Compean is in booking area, he stands up and is jumped by officers, cuffed and put in isolation. Uncuffed and cooperates through rest of booking.
22. March 3, 2010 – Inmate Cooper is taken out of cell and put in isolation by dragging. Inmate Cooper then bangs on door and officers come in, take him out of frame and then bring back in. Inmate Cooper is again dragged out of frame and out of video view for over a minute. Bangs on door and taken out again for along period of time.
23. May 3, 2010, David Luke during check-in (long room with windows to take items), attacked, taken down, cuffed and taken to cell. Left in cell for long period of time, still handcuffed.
24. August 12, 2010 - W. Cotley. Woman officer comes into elevator, yells and hits (pushes him back with a throat hit). He tries to keep her away and she keeps coming at him. Multiple officers hold her back and she continues to try to get to him.
24. August 15, 2010 – Inmate Harrison Taken down, head hit to ground. Doctor comes and puts a bandage on. Officers use excessive force during cuffing and break his arm. Laying on ground and unable to use right arm. Doctor comes back and puts it in a splint.
25. March 16, 2011 - Lewis Henderson is checking in his items when officer takes him down and cuffs him for no reason.
26. April 27, 2011 - Donald Brooks brought in superman style (feet off floor) because made himself limp. Another rough lift by handcuffs behind his back and pushed to sitting position. Dragged by cuffed wrists to cage. As soon as in cage, he stands up and is angry. Officers go to take him out, he resists and is dragged out of frame.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                 Page 6

27. June 24, 2011 - Charles Perez is in hallway, takes a step forward and officer pushes him back, takes him down and 2 more officers assist without reason.

28. October 24, 2011 - Pedro Barrero in is jail booking area and is thrown down for no apparent reason.

## VIOLATION OF THE 4TH AND 14TH FOURTEENTH AMENDMENTS

21. Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

22. The Fourth Amendments guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV*. The 14th Amendment allows for due process of law. Such violations are actionable pursuant to 42 U.S.C. Section 1983 and 1988.

23. The force used by the individually named defendants, was in great excess to the need to use such force and constituted an Unreasonable Seizure of Jose and violated his due process rights under the 14th Amendment. The defendants unlawfully searched Jose's vehicle in violation of the 4th and 14th Amendments. The defendants maliciously prosecuted Jose and the criminal charge of resisting arrest ended in Jose's favor. The defendants made false statements in the police incident report.

24. The City of Houston has a custom, policy, practice, and procedure of using excessive force on individuals and not disciplining or training officers adequately and is therefore liable under 42 U.S.C. Section 1983 and 1988. There is a pattern and practice of excessive force and condoning excessive force. There is a pattern and practice of charging suspects with resisting arrest, failure to identify, assault on a peace officer, and other crimes to cover up excessive force.

## ASSAULT AND BATTERY

25. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                    Page 7

26.     The individually named defendant committed assault upon Jose and caused the damages described herein.

## LIABILTY FOR FAILURE TO INTERVENE

27.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

28.     A law enforcement officer "who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). Although *Hale* most often applies in the context of excessive force claims, this Court recognized that other constitutional violations also may support a theory of bystander liability. *Whitley v. Hanna*, 726 F.3d 631, 646 n. 11 (5th Cir. 2013)(citing *Richie v. Wharton County Sheriff's Dep't Star Team*, No. 12–20014, 2013 WL 616962, at *2 (5th Cir. Feb. 19, 2013)(per curiam)(unpublished)(noting that plaintiff failed to allege facts suggesting that officers "were liable under a theory of bystander liability for failing to prevent ... other member[s] from committing constitutional violations")). Further, the Second Circuit has stated that "law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir.1994). *See* also, *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972)("we believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge."). Thus, an officer such as Jailer Ross may be liable under § 1983 under a theory of bystander liability when the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley*, 726 F.3d at 646.

## MENTAL ANGUISH

29. Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

30. Jose suffered at least anxiety, fear, anger and depression because of the acts of the individually named defendants and the City of Houston and, therefore, Jose seeks damages for mental anguish past and future as well as the pain and suffering, past and future, and other damages set forth above.

## PUNITIVE DAMAGES

31. Jose incorporates all preceding paragraphs as if set fully herein.

32. The individually named defendants actions and inactions cause them to be liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## ATTORNEYS' FEES

33. Jose is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988.

## JURY TRIAL

34. Jose requests a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jose Gomez requests that the Court:

A. Enter judgment for the plaintiff and against the individual defendants and the City of Houston holding them jointly and severally liable;

B. Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

  C. Award damages to Plaintiff for the violations of his Constitutional rights;

  D. Award Pre- and post-judgement interest;

  E. Award Punitive damages against each and every individually named defendant, and

  F. Grant such other and further relief as appears reasonable and just, to which plaintiff shows himself entitled.

        Respectfully Submitted,
        KALLINEN LAW PLLC

        /s/ Randall L. Kallinen
        Randall L. Kallinen
        State Bar of Texas No. 00790995
        Southern District of Texas Bar No.: 19417
        511 Broadway Street
        Houston, Texas 77012
        Telephone: 713.320.3785
        FAX: 713.893.6737
        E-mail:AttorneyKallinen@aol.com
        Attorney for Plaintiff