Case 4:18-cv-01224   Document 80   Filed on 02/26/21 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE GOMEZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:18-CV-1224 |
| § | |
| CITY OF HOUSTON, TEXAS, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant City of Houston's ("City") Motion for Summary Judgment. (Dkt. 57) Having carefully reviewed the motion, response, reply, applicable law, and the entire record, the motion is **GRANTED**.

### I.  FACTUAL BACKGROUND

The relevant factual background for the Court's analysis of this motion can be found in the Court's Memorandum Opinion and Order regarding the Motion for Summary Judgment filed by Defendants Jacob Simmerman, Ron Kloeppel, and Christopher Heaven (collectively "Officer Defendants"), docket entry 79, dated February 26, 2021.

Gomez filed this lawsuit against the City seeking to hold it responsible for alleged unconstitutional actions of the Officer Defendants in arresting him. Specifically, Gomez has asserted a claim under 42 U.S.C. § 1983 against the City of Houston under the theory of municipal liability asserting that, in arresting him, the Officer Defendants acted in in accordance with the City of Houston's practice, custom, or policy of using excessive

force on individuals, improperly charging suspects with resisting arrest to cover up the excessive force, and not properly training or disciplining its officers with respect to the use of force. (Dkt. 9) In response the City has moved for summary judgment on the grounds that Gomez has failed to establish a claim for municipal liability against the City and it is entitled to summary judgment as a matter of law. For the reasons discussed in greater detail below, the Court finds that motion should be granted.

## II.     APPLICABLE LAW

Under Federal Rule of Civil Procedure Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). A fact is material if "its resolution could affect the outcome of the action." *Nunley v. City of Waco*, 440 F. App'x 275, 277 (5th Cir. 2011). The court must view the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial." *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, L.L.C. v.*

*Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). If the movant produces evidence that tends to show that there is no dispute of material fact, the nonmovant must then identify evidence in the record sufficient to establish the dispute of material fact for trial. *Celotex*, 477 U.S. at 321–23. The nonmovant must "go beyond the pleadings and by her own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue of material fact for trial." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001) (citing *Celotex*, 477 U.S. at 324). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertion, or by only a scintilla of evidence.'" *Jurach v. Safety Vision, L.L.C.*, 642 F. App'x 313, 317 (5th Cir. 2016) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

### A. Municipal Liability Under 42 U.S.C. § 1983

"Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A local government may not be sued under Section 1983 for the deprivation of rights guaranteed by the Constitution or federal law inflicted solely by its employees or agents. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory.") However, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," the government agency is liable under Section 1983. *Id*.

To state a claim under Section 1983, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

> "An official policy is either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents the municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."

*McIntosh v. Smith*, 690 F. Supp. 2d 515, 530 (S.D. Tex. Feb. 2, 2010) (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).

A local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights can only be considered an official government policy where the failure to train amounts to "deliberate indifference" to the rights of persons with whom the employee comes into contact. *Connick v. Thompson*, 563 U.S. 51 (2011) "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410 (1997).

### III. ANALYSIS

#### A. Policy of Allowing Excessive Force

Here, Gomez alleges that Houston is liable for the actions of the Officer Defendants because they acted pursuant to a custom, policy or procedure of allowing excessive force and covering up unlawful arrest and excessive-force incidents. (Dkt. 65 at p. 17) He also alleges that "the Constable is the final policymaker in connection with supervision, discipline and training of those deputies under his command." (Dkt. 65 at pp. 17–18) However, Gomez fails to provide summary judgment evidence establishing that the "Constable's" alleged policies regarding supervision and training were the cause of his injuries arising at the hands of the Houston Police Department officers. As the City points out, "there is absolutely nothing to link the Constable or Harris County to any act or omission of the City in this case. (Dkt. 69 at p. 5) In fact the Court notes that the City does not even employ either a "Constable" or "deputies."  Accordingly, Gomez cannot satisfy the third element of the *Monell* claim which requires establishing a policy that was the moving force behind the violation of a constitutional right." *See Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). The City is entitled to summary judgment regarding this claim.

### B.  Cover Up

Next Gomez alleges that the City and its internal affairs department "have a custom or practice of allowing cover-up of the Defendant Officers' improper and constitutionally-violative conduct." As proof, Gomez offers the fact that the officers in this case were "exonerated" even though there is body camera footage of the arrest which shows that excessive force was used. (Dkt. 65 at p. 19)

Taking Gomez's version of the facts as true, the mere fact that members of the HPD attempted to cover up the allegedly excessive force used in this case is not sufficient to raise a genuine issue of material fact for trial regarding the existence of a persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy attributable to the City. In *Peterson v. City of Fort Worth, Texas*, the Fifth Circuit explained that "[w]here prior incidents are used to prove a pattern, they 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.'" *Peterson*, 588 F.3d 838, 850 (5th Cir. 2009) (quoting *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984)). The Fifth Circuit also explained that "[a] pattern . . . requires 'sufficiently numerous prior incidents,' as opposed to isolated instances." *Id.* (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)). Here, Gomez has made no such showing. Accordingly, the City is also entitled to summary judgment regarding this claim.

### C. Failure to Train

Gomez argues that because Heaven was training Koeppel when Heaven allegedly violated Gomez's rights, HPD is liable for failing to properly train its officers. "The failure to train can amount to a policy if there is deliberate indifference to an obvious need for training where citizens are likely to lose their constitutional rights on account of novices in law enforcement." *Peterson*, 588 F.3d at 849. To hold a municipality liable for

failure to train an officer, it must have been obvious that "the highly predictable consequence of not training" its officers was that they "would apply force in such a way that the Fourth Amendment rights of [citizens] were at risk." *Brown v. Bryan Co., Okla.*, 219 F.3d 450, 461 (5th Cir. 2000).

Here, Gomez offers no summary judgment evidence about Kloeppel or any other officer's training beyond his conclusory statements that his alleged constitutional violations were a "highly predictable" consequence of HPD's failure to train its officers and the fact that Kloeppel was present at Gomez's arrest while he was in training. (Dkt. 65 at p. 18) This in itself is not evidence of a failure to train the City is entitled to summary judgment regarding this claim. *See Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162 (5th Cir. 1997) (holding that for a plaintiff to sufficiently allege that a municipality is liable for the misconduct of one of its employees, the description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts). Accordingly, the city is also entitled to summary judgment regarding this claim.

### D. Ratification

Finally, Gomez claims that "Houston ratified the constitutionally violative actions of the officers involved" by implementing internal affairs policies that greatly favor officers in disciplinary matters. (Dkt. 65 at p. 19)

"If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988). However, the Fifth Circuit

has limited the theory of ratification to "extreme factual situations." *Compare Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) (refusing to find ratification where officer shot fleeing suspect in the back), *with Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (finding ratification where in response to a minor traffic violation, three patrol cars engaged in a high-speed chase during which they fired wildly at the suspect; the object of this chase took refuge on an innocent person's ranch, where the entire night shift of the city police force converged and proceeded to direct hails of gunfire at anything that moved, killing the innocent rancher as he emerged from his own vehicle.)

Taking Gomez's version of the facts as true and viewing the evidence in the light most favorable to Gomez, the Court concludes that he has failed to present evidence of an extreme factual situation from which a reasonable factfinder could conclude that the City knowingly ratified unconstitutional conduct committed by the Officer Defendants. The summary judgment evidence establishes that HPD's Internal Affairs Division investigated this incident, that like the evidence before this Court the evidence before HPD's investigators contained conflicting versions of the facts, and that following its investigations HPD concluded that the Officer Defendants had not acted improperly under the circumstances. Although Gomez apparently disagrees with HPD's decision not to reprimand the Officer Defendants because HPD found that they had acted reasonably under the circumstances, Gomez has failed to produce any evidence from which a reasonable factfinder could conclude either that HPD reached this conclusion knowing that the Officer Defendants had actually acted improperly, or that HPD's failure to discipline the Officer Defendants shows that the City ratified

unconstitutional conduct. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 130 (1988) (emphasizing that "[s]imply going along with discretionary decisions made by one's subordinates . . . is not a delegation to them of the authority to make policy"); *see also McIntosh v. Smith*, 690 F. Supp. 2d. 515, 533–34 (S.D. Tex. Feb. 2, 2010); *Peterson*, 588 F.3d at 848 n.2 (citing with approval *Kibbe v. City of Springfield*, 777 F.2d 801, 809 n.7 (1st Cir. 1985), a case in which the First Circuit rejected a similar contention that a municipality's failure to discipline a police officer "amounts to the sort of ratification from which a jury properly could infer municipal policy"). Accordingly, the City is entitled to summary judgment regarding this claim.

## IV. CONCLUSION

For the reasons stated above, the City of Houston's Motion for Summary Judgment is **GRANTED.**

SIGNED at Houston, Texas, this 26th day of February, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE