IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSE GOMEZ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:18-CV-01224** |
| | § | |
| **JACOB B. SIMMERMAN and** | § | **Judge George C. Hanks, Jr.** |
| **CHRISTOPHER E. HEAVEN,** | § | |
| *Defendants.* | § | |

**DEFENDANTS' FIRST AMENDED PROPOSED JURY CHARGE:
INSTRUCTIONS, DEFINITIONS, AND INTERROGATORIES**

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

Defendants Jacob B. Simmerman and Christopher E. Heaven file this their First Amended

Proposed Jury Charge.

Respectfully submitted,

ARTURO G. MICHEL
City Attorney

KELLY DEMPSEY
Section Chief Torts/Civil Rights

By:    /s/ Marjorie L. Cohen
MARJORIE L. COHEN
Senior Assistant Attorney
State Bar No. 24031960
Fed. ID No. 34303
Marjorie.Cohen@houstontx.gov
Tel. (832) 393-6457
Attorney in Charge

BRADLEY A. MOREFIELD
Senior Assistant Attorney
State Bar No. 24051079

Fed. ID No. 567899
Bradley.Morefield@houstontx.gov
Tel. (832) 393-6320

MELISSA AZADEH
Senior Assistant City Attorney
State Bar No. 24064851
Melissa.Azadeh@houstontex.gov
Tel. (832) 393-6270

CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 3rd Floor
Houston, Texas 77002
Main: 832.393.6491
Fax: 832.393.6259

**Attorneys for Defendants**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 9, 2021**,** a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to the registered attorney of record as follows:

Randall L. Kallinan                                        AttorneyKallinen@aol.com
Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012


Mike DeGeurin                                        mdegeurin@foremandegeurin.com
Foreman, DeGeurin & DeGeurin
300 Main Street, 3rd Floor
Houston, Texas 77002

*/s/ Marjorie L. Cohen*
Marjorie L. Cohen

# INSTRUCTIONS

## AGREED JURY INSTRUCTION NO. 1

### Preliminary Instructions

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the judge, I will decide all questions of law and procedure.  As the jury, you are the judges of the facts.  At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial.  Do not allow your note-taking to distract you from listening to the testimony.  Your notes are an aid to your memory.  If your memory should later be different from your notes, you should rely on your memory.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day.  During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Snapchat, TikTok, Instagram, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with other jurors until the end of the case when you retire to deliberate.  It is unfair to discuss the case before all the evidence is in, because you may become an advocate for one side or the other.  The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you.  And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case.  You must rely solely on what you see and hear in this courtroom.  Do not try to learn anything about the case from any other source.  In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case.  Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it.  Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony.  In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss.  These issues are not part of what you must decide, and they are not properly discussed in your presence.  To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing.  When I confer with the attorneys at the bench, please do not listen to what we are discussing.  If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues.  I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement.  Opening statements are intended to assist you in understanding the significance of the evidence that will be presented.  The opening statements are not evidence.

After the opening statements, the plaintiff will present his case through witness testimony and documentary or other evidence.  Next, the defendants will have an opportunity to present their case.  The plaintiff may then present rebuttal evidence.  After all the evidence is introduced, I will instruct you on the law that applies to this case.  The lawyers will then make closing arguments.

Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown.  Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial.  Do not decide the case until you have heard all of the evidence, my instructions and the closing arguments.

It is now time for opening statements.[1]


**Requested Instruction No. 1:**      **Granted**____   **Denied**____   **Modified**____

---

[1] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 1.2 (2020-with revisions through June 2020)

## AGREED JURY INSTRUCTION NO. 2

### Bias, Sympathy and Prejudice

You are the sole and exclusive judges of the facts.  Under your oath as jurors you are not to be swayed by bias, sympathy or prejudice.  You should be guided by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  Do not let bias, prejudice or sympathy play any part in your deliberations.  A city and all other persons are equal before the law and must be treated as equals in a court of law.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil suit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.[2]

**Requested Instruction No. 2:**          **Granted\_\_\_\_    Denied\_\_\_\_   Modified\_\_\_\_**

---

[2] Adapted from U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 2.16 (2020-with revisions through June 2020); L. Sand, *et al.*, Modern Federal Jury Instructions, Instructions 71-3 (adapted) and 71-10.

## AGREED JURY INSTRUCTION NO. 3

## Impeachment of Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake.  The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[3]

**Requested Instruction No. 3:**          **Granted_____    Denied_____    Modified_____**

---

[3] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 2.11 (2020-with revisions through June 2020)

## AGREED JURY INSTRUCTION NO. 4

### General Instructions for Charge

MEMBERS OF THE JURY:

You have heard the evidence in this case. It is now my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

Do not consider any statement that I have made in the course of this trial or make in these instructions as an indication that I have any opinion about the facts of this case. If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence and are not instructions on the law; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.[4]

**Requested Instruction No. 5:**      **Granted_____   Denied_____   Modified_____**

---

[4] *Adapted from* U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 3.1 (2020-with revisions through June 2020)

## DISPUTED

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

### Burden of Proof: Preponderance of the Evidence

This is a civil case and as such Plaintiff Jose Gomez has the burden of proving his case by a preponderance of the evidence. To establish something by a preponderance of the evidence means to prove the thing is more likely so than not so. If you find that Plaintiff Jose Gomez has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

In determining whether any fact has been proved by preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You must answer all questions from a preponderance of the evidence.  If after considering all the credible evidence you are satisfied that the plaintiff has carried her burden on each essential fact as to which he has the burden of proof, then you must find for plaintiff on his claims. But if after such consideration you find the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then plaintiff has failed to sustain his burden and you must find for defendants.[5]

**Requested Instruction No. 8:**          **Granted_____   Denied_____   Modified_____**

---

[5] *Adapted from* U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 3.2 (2020-with revisions through June 2020) and L. Sand, *et al.*, Modern Federal Jury Instructions, Instructions 73-1 and 73-2

## AGREED JURY INSTRUCTION NO. 6

### Evidence

The statements and arguments of counsel are not evidence in this case.  The evidence you are to consider consists of the testimony of the witnesses (live or by deposition), the documents and other exhibits admitted into evidence (which you will take with you to the jury room), and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.  In other words, you may make deductions and reach conclusions that reason, and common sense lead you to draw from the facts that have been established by testimony and evidence in this case.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[6]

**Requested Instruction No. 9:**        **Granted\_\_\_\_    Denied\_\_\_\_   Modified\_\_\_\_**

---

[6] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 2.3 and 3.3 (2020-with revisions through June 2020) Instructions 3.3; Adapted from L. Sand, *et al.*, Modern Federal Jury Instruction, Instruction 71-3.

**DISPUTED**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7**

**Credibility of Witness**

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the witnesses, you may consider:

1.  The demeanor and manner of the witness while testifying;
2.  Any feelings or interest that he or she may have in the outcome of the case;
3.  Any prejudice or bias that he or she may have about the case;
4.  The consistency or inconsistency of his or her testimony considered in the light of the circumstances;
5.  Has the witness been contradicted by other credible evidence?
6.  Has he or she made statements at other times and places contrary to those made here on the witness stand?

You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore, interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

You are not, of course, bound to believe something merely because someone swore to it because we all know that a person can swear to an untruth if he or she has the will to do so.  If a witness is shown to knowingly have testified falsely concerning a material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.  Other witnesses may simply be mistaken or incorrect in their recollection about an event.  Again, it is your job to determine which witness' testimony is correct, and which is incorrect or mistaken.[7]

**Requested Instruction No. 10:        Granted\_\_\_\_    Denied\_\_\_\_   Modified\_\_\_\_**

---

[7] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 3.4 (2020-with revisions through June 2020); Adapted from L. Sands *et al*., Modern Federal Jury Instructions, Instruction 76-1.

## <u>AGREED JURY INSTRUCTION NO. 8</u>

### <u>Law Enforcement Officer Testimony</u>

You are required to evaluate the testimony of a law enforcement officer as you would the testimony of any other witness.  No special weight, either higher or lower, may be given to his or her testimony because he or she is a law enforcement officer.[8]

**Requested Instruction No. 16:      Granted_____   Denied_____   Modified_____**

---

[8] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 2.15 (2020-with revisions through June 2020);

## AGREED JURY INSTRUCTION NO. 9

### Stipulation of Fact

A "stipulation" is an agreement.  When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts.  You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.[9]

**Requested Instruction No. 11:**        **Granted_____   Denied_____   Modified_____**

---

[9] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 2.3 (2020-with revisions through June 2020)

## AGREED JURY INSTRUCTION NO. 10

### Discontinuance as to Some Parties

Certain parties are no longer involved in this trial. As jurors, it is your duty to consider the issues among the remaining parties.[10]

**Requested Instruction No. 12:**       **Granted_____   Denied_____   Modified_____**

---

[10] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 2.5 (2020-with revisions through June 2020)

## AGREED JURY INSTRUCTION NO. 11

### Arguments and Objections of Counsel

Statements and arguments of counsel are not evidence in this case.  The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them. This testimony may be "live" or by deposition summary. The evidence also includes all exhibits received in evidence, which you will take with you to the jury room, and all facts, which have been admitted or stipulated.

During the course of the trial, you have heard counsel make objections to evidence.  It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  You should not draw any inference against an attorney or his client because the attorney has made objections.

I may have sustained objections to questions asked without permitting the witness to answer, or where an answer was made, may have instructed that the answer be stricken from the record and that you disregard it.  You may not draw any inference from an unanswered question nor may you consider testimony, which has been stricken in reaching your decision.  Such items as I excluded from your consideration were excluded because they were not legally admissible as evidence.  You must decide the case solely upon the admissible evidence before you.[11]

**Requested Instruction No. 13:**       **Granted_____   Denied_____   Modified_____**

---

[11] Adapted from L. Sands, *et al.*, Modern Federal Jury Instructions, Instruction 71-3

## <u>AGREED JURY INSTRUCTION NO. 12</u>

### <u>No Evidence Outside of Courtroom</u>

You are instructed that anything you may have seen or heard outside this courtroom is not evidence and must be entirely disregarded.[12]

**Requested Instruction No. 15:        Granted_____    Denied_____   Modified_____**

---

[12] *OneBeacon Ins. Co. v. T. Wade Welch & Associates*, 2014 WL 5335362, at *1 (S.D. Tex. Oct. 17, 2014)

## AGREED JURY INSTRUCTION NO. 13

### No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim, and is not evidence.[13]

**Requested Instruction No. 17:**        **Granted_____    Denied_____    Modified_____**

---

[13] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 3.6 (2020-with revisions through June 2020)

## AGREED JURY INSTRUCTION NO. 14

### Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely on it.[14]

**Requested Instruction No. 18:        Granted_____   Denied_____   Modified_____**

---

[14] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 3.5 (2020-with revisions through June 2020)

## AGREED JURY INSTRUCTION NO. 15

### Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.[15]

**Requested Instruction No. 19:        Granted_____    Denied_____    Modified_____**

---

[15] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 3.7 (2020-with revisions through June 2020)

## DISPUTED

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16

### Effect of Answers

Do not decide who you think should win before you answer the questions on the form that will be provided to you and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.[16]

**Requested Instruction No. 7:**         **Granted\_\_\_\_    Denied\_\_\_\_   Modified\_\_\_\_<u>CITY</u>**

---

[16] *OneBeacon Ins. Co. v. T. Wade Welch & Associates*, 2014 WL 5335362, at *3 (S.D. Tex. Oct. 17, 2014)

<u>**DISPUTED**</u>

<u>**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17**</u>

<u>**Law Applicable to Case Against the Officers – Section 1983 (Excessive Force)**</u>[17]

Plaintiff claims that Defendants Jacob Simmerman and Christopher Heaven while acting under color of authority of the State of Texas and as members of the Houston Police Department, intentionally violated Jose Gomez rights under the Fourth Amendment to the U.S. Constitution. Specifically, Plaintiff claims Defendants violated his constitutional right to protection from the use of excessive force during an arrest.

In this case the parties have stipulated that Defendants Jacob Simmerman and Christopher Heaven acted "under color" of state law, and you must accept that fact as proved.[18]

To recover damages for this alleged constitutional violation, Plaintiff Jose Gomez must prove by a preponderance of the evidence that:

    1.    One or both of the Defendants committed an act that violated the constitutional right Plaintiff claims was violated; and

    2.    Said act was the cause of damages to Jose Gomez.

Plaintiff Jose Gomez claims Defendants Jacob Simmerman and Christopher Heaven violated the Fourth Amendment by using excessive force in making the arrest on March 29, 2017. The Constitution prohibits the use of unreasonable or excessive force while making an arrest, even when the arrest is otherwise proper. To prevail on a Fourth Amendment excessive-force claim, Plaintiff Jose Gomez must prove all the following by a preponderance of the evidence:

    1.    an injury;

    2.    that the injury resulted directly and only from the use of force that was clearly excessive to the need;[19] and

    3.    that the excessiveness of the force was objectively unreasonable.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Plaintiff Jose Gomez's right to be protected from excessive force, against the government's right to use some degree of physical coercion or threat of coercion to make an arrest. Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay

---

[17] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 10.1 (2020-with revisions through June 2020)
[18] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 10.2 (2020-with revisions through June 2020)
[19] *Cloud v. Stone*, 993 F.3d 379, 381 (5th Cir. 2021); *Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020).

careful attention to the facts and circumstances, including the severity of the crime at issue, whether Plaintiff Jose Gomez posed an immediate threat to the safety of the officers or others, and whether he was actively resisting or attempting to evade arrest.

Finally, the reasonableness of a particular use of force is based on what a reasonable officer would do under the objective circumstances, and not on the subjective intentions of the arrestee or on the defendant's state of mind.[20] You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

If you find that Plaintiff Jose Gomez has proved by a preponderance of the evidence that the force used by Jacob Simmerman or Christopher Heaven was objectively unreasonable, then that Defendant violated Plaintiff's Fourth Amendment protection from excessive force. You must then consider whether Defendants Jacob Simmerman and Christopher Heaven are entitled to qualified immunity, which is a bar to liability that I will explain later. If Plaintiff Jose Gomez failed to make this showing by a preponderance of the evidence, then the force was not un-constitutional, and your verdict will be for Defendants Jacob Simmerman and Christopher Heaven on the excessive-force claim.

**Requested Instruction No. 17:        Granted_____   Denied_____   Modified_____**

---

[20] *Cloud v. Stone*, 993 F.3d 379, 381 (5th Cir. 2021)

**DISPUTED**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18**

**Qualified Immunity**[21]

If you find that Plaintiff Jose Gomez has proved each essential element of his claim for a constitutional violation based on the excessive use of force, you must then consider whether Defendants Jacob Simmerman and Christopher Heaven are entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give governmental officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law.

It is the burden of Plaintiff Jose Gomez to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that his or her conduct towards Plaintiff was lawful in light of clearly established law and the information he or she possessed. Thus, each of these officers would be entitled to qualified immunity if his or her conduct was objectively reasonable, even if that conduct violated the plaintiff's constitutional rights. However, an officer is not entitled to qualified immunity if, at the time of his or her conduct at issue in this lawsuit, a reasonable officer with the same information could not have believed that his or her actions were lawful.

The officers' actions must be judged in light of the circumstances that confronted them at that time, and without the benefit of hindsight.[22] You should consider each officer's actions independently when determining whether he is entitled to qualified immunity.[23]

In this case, the clearly established law at the time was that officers have the right to use some degree of physical force to protect their personal safety and maintain the status quo during the course of a traffic stop and while making an arrest.[24] Officers may use reasonable force to compel a suspect's compliance with a command that they were legally entitled to give him.[25] Immobilizing a resisting suspect with handcuffs is a reasonable step to assert command of the situation.[26] If a reasonable officer on the scene could have perceived that the plaintiff was a danger

---

[21] Adapted from U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 10.3 (2020-with revisions through June 2020)

[22] *Cole v. Carson*, 935 F.3d 444 (5th Cir. 2019); *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citing *Graham v. Connor*, 490 U.S. 386, 396–97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989))

[23] *Joseph v. Bartlett*, 981 F.3d 319, 325 (5th Cir. 2020) (citing *Darden v. City of Fort Worth*, 880 F.3d 722, 731 (5th Cir. 2018)).

[24] *Davila v. United States*, 713 F.3d 248, 259–60 (5th Cir. 2013); *United States v. Hensley,* 469 U.S. 221, 235, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985)

[25] *Angulo v. Brown*, 978 F.3d 942, 951 (5th Cir. 2020).

[26] *Angulo v. Brown*, 978 F.3d 942, 952 (5th Cir. 2020); *Davila v. United States*, 713 F.3d 248, 260 (5th Cir. 2013).

to others, was actively resisting arrest, and/or was attempting to flee, then you may determine that the officers' use of force was reasonable and that the officers are entitled to qualified immunity.[27] On the other hand, it is unreasonable for officers to use force on a non-violent, non-fleeing plaintiff who demonstrated only passive resistance.[28]

If, after considering the scope of discretion and responsibility generally given to police officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Jacob B. Simmerman and Christopher E. Heaven at the time of the events at issue, you find that Plaintiff failed to prove that no reasonable officer could have believed that their use of force was lawful, then they are entitled to qualified immunity and your verdict must be for Defendants Jacob B. Simmerman and Christopher E. Heaven on those claims. But if you find that Jacob B. Simmerman or Christopher E. Heaven violated the constitutional rights of Jose Gomez and that the violating officer is not entitled to qualified immunity as to the claim for excessive force, then your verdict must be for Plaintiff Jose Garza as to that officer on that claim.

**Requested Instruction No. 24:**      **Granted_____   Denied_____   Modified_____**

---

[27] *See Trammell v. Fruge,* 868 F.3d 332, 340-343 (5th Cir. 2017);

[28] Doc. 79, p. 14 of 23 (citing *Trammell v. Fruge,* 868 F.3d 332, 341 (5th Cir. 2017); *Hanks v. Rogers* , 853 F.3d 738, 747 (5th Cir. 2017); *Ramirez*, 716 F.3d 369; *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000))

## DISPUTED

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19

### Plaintiff's State Law Claim – Assault

Plaintiff Jose Gomez claims that Defendants Jacob B. Simmerman and Christopher E. Heaven assaulted him in violation of Texas state law.  As a result of the actions by Defendants Jacob B. Simmerman and Christopher E. Heaven, Plaintiff Jose Gomez claims that he suffered injury for which he seeks damages. Defendants Jacob B. Simmerman and Christopher E. Heaven deny that they assaulted Plaintiff Jose Gomez in violation of Texas state law.

In order to prove that either Defendant Jacob B. Simmerman or Defendant Christopher E. Heaven assaulted him, Plaintiff must prove by a preponderance of evidence that the Defendant intentionally, knowingly or recklessly caused bodily injury to Jose Gomez; or intentionally or knowingly threatened Jose Gomez with imminent bodily injury; or intentionally or knowingly caused physical contact with Jose Gomez when he knew or should reasonably have believed that Jose Gomez would regard the contact as offensive or provocative.[29]

Plaintiff Jose Gomez also must prove by a preponderance of evidence that the that the force used by Defendants Jacob B. Simmerman and Christopher E. Heaven was not justified.[30] A person is justified in using force for self-defense. A defendant is justified in using force if (1) he honestly believes himself to be in immediate danger; (2) he has reasonable grounds for that belief; and (3) he uses only the degree of force reasonably necessary to repel the threatened violence.[31] The focus is on the defendant and whether, from his point of view, his apprehension of the danger was reasonable. [32]

A peace officer is justified in using force against another person when and to the degree the peace officer (1) reasonably believes the force is immediately necessary to make or assist in making an arrest or search, or to prevent or assist in preventing escape after arrest, (2) reasonably believes the arrest or search is lawful, and, (3) before using force, manifests his purpose to arrest or search and identifies himself as a peace officer unless he reasonably believes his purpose and identity are already known by or cannot reasonably be made known to the person to be arrested.[33]

If you find that Plaintiff has proved by a preponderance of the evidence that either Jacob B. Simmerman or Defendant Christopher E. Heaven assaulted Jose Gomez without justification, then you must consider whether the Defendant is entitled to any official immunity, which is a bar to liability that I will explain later.  If Plaintiff Gomez has failed to prove that either Defendant

---

[29] *See* Tex. Penal Code §22.01; Adapted from Texas Pattern Jury Charges, Intentional Torts, PJC 6.6
[30] Tex. Civ. Prac. Rem. Code § 83.001;
[31] Tex. Pen. Code § 9.31(a); *Fambough v. Wagley*, 169 S.W.2d 478, 479 (Tex. 1943) (The elements of self-defense are the same in civil cases as in criminal cases); *Holmes v. Holmes*, 588 S.W.2d 674 (Tex. App.—Beaumont 1979) (With the exception of the burden of proof, self-defense is the same in civil and criminal cases).
[32] Tex. Penal Code §1.07(a)(42).
[33] *See* Tex. Pen. Code § 9.51; *Texas DPS v. Petta*, 44 S.W.3d 575, 597 (Tex. 2001).

Jacob B. Simmerman or Defendant Christopher E. Heaven assaulted Jose Gomez without justification, then your verdict must be for that Defendant on this claim.

**Requested Instruction No. 19: Granted_____ Denied_____ Modified_____**

## DISPUTED

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20

### Official Immunity

If you find that Plaintiff Jose Gomez has proven his claim of assault by a preponderance of the evidence as to either Defendant Jacob B. Simmerman or Defendant Christopher E. Heaven, then you must then consider whether that Defendant is entitled to what the law calls "official immunity." Official immunity is an affirmative defense that protects government employees from personal liability.[34] Government employees, which includes police officers, are entitled to official immunity for conduct arising from the performance of discretionary duties performed in good faith as long as the actions were within the scope of the employee's authority.[35]

In this case, the parties have stipulated that Defendants Jacob B. Simmerman and Christopher E. Heaven, at all relevant times, were police officers acting within the scope of their authority as police officers. Therefore, the inquiry is whether Defendants Jacob B. Simmerman and Christopher E. Heaven acted in good faith while performing a discretionary duty at the time of the alleged assault.

The good-faith test is one of objective reasonableness.[36] An officer acts in good faith if a reasonably prudent officer, under the same or similar circumstances, could have believed that the disputed conduct was justified based on the information the officer possessed when the conduct occurred, not on the facts as they appear through the clarity of hindsight.[37] Therefore, the reasonableness inquiry under the good-faith test must take into account the fact that police officers are sometimes forced to make split-second judgments about the appropriate use of force that is necessary in chaotic situations into which the officer is thrust.[38] A police officer's acts are held to be objectively reasonable unless every reasonable police officer would have known that his conduct violated the law.[39] If officers of reasonable competence could disagree on this issue, then the Defendants acted in good faith.[40]

The good-faith test is one of objective reasonableness.[41] An officer acts in good faith if a reasonably prudent officer, under the same or similar circumstances, could have believed that his conduct was lawful in light of clearly established law and information possessed by the officer at

---

[34] *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843 (Tex. 2007); *see also Carter v. Diamond URS Huntsville, LLC*, 175 F.Supp.3d 711, 742 (S.D. Tex. 2016).
[35] *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).
[36] *Newman v. Guedry*, 703 F.3d 757, 764 (5th Cir. 2012).
[37] *Telthorster v. Tennell*, 92 S.W.3d 457, 463 (Tex. 2002)..
[38] *Winzer v. Kaufman Cty.*, 916 F.3d at 479 (citing *Graham*, 490 U.S. at 397).
[39] *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011).
[40] *Telthorster*, 92 S.W.2d at 465.
[41] *Newman v. Guedry*, 703 F.3d 757, 764 (5th Cir. 2012).

the time the conduct occurred, without 20/20 hindsight.[42] Therefore, the reasonableness inquiry under the good-faith test must take into account the fact that police officers are sometimes forced to make split-second judgments about the appropriate use of force that is necessary in chaotic situations into which the officer is thrust.[43] A police officer's acts are held to be objectively reasonable unless every reasonable police officer would have known that his conduct violated the law.[44]

You are instructed that a police officer is exercising discretion when performing his or her duties.[45] In determining whether an officer is performing a discretionary duty, you must focus on the duty performed and not on whether the officer has discretion to do an allegedly wrongful act while discharging his duty.[46]

**Requested Instruction No. 21:      Granted\_\_\_\_    Denied\_\_\_\_    Modified\_\_\_\_**

---

[42] *City of Lancaster v. Chambers*, 883 S.W.2d 650, 656 (Tex. 1994); *Carter*, 175 F.Supp.3d at 739 (citing *Graham v. Connor*, 490 U.S.386, 396 (1989).

[43] *Winzer v. Kaufman Cty.*, 916 F.3d at 479 (citing *Graham*, 490 U.S. at 397).

[44] *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011).

[45] *Carter*, 175 F.Supp.3d at 742.

[46] *Chambers*, 883 S.W.2d at 653.

## AGREED JURY INSTRUCTION NO. 21

### Consider Damages Only If Necessary[47]

If Plaintiff Jose Gomez has proved his claims against Defendant Jacob B. Simmerman or Christopher E. Heaven by a preponderance of the evidence, you must determine the damages to which Plaintiff Jose Gomez is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Jose Gomez's damages as an indication in any way that I believe that Plaintiff Jose Gomez should, or should not, win this case. It is your task first to decide whether  Defendant Jacob B. Simmerman or Christopher E. Heaven is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Jacob B. Simmerman or Christopher E. Heaven is liable and that Plaintiff Jose Gomez is entitled to recover money from Defendant Jacob B. Simmerman or Christopher E. Heaven.

**Requested Instruction No. 21:**        **Granted_____   Denied_____   Modified_____**

---

[47] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 15.1 (2020-with revisions through June 2020)

## AGREED JURY INSTRUCTION NO. 22

### Compensatory Damages[48]

If you find that Defendant Jacob B. Simmerman or Christopher E. Heaven is liable to Plaintiff Jose Gomez, then you must determine an amount that is fair compensation for all of Plaintiff Jose Gomez's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Jose Gomez whole—that is, to compensate Plaintiff Jose Gomez for the damage that he has suffered as a result of the wrongful conduct of Defendant Jacob B. Simmerman or Christopher E. Heaven. Compensatory damages are not limited to expenses that Plaintiff Jose Gomez may have incurred because of his injury. If Plaintiff Jose Gomez wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish, if any, that he has suffered because of Defendant Jacob B. Simmerman or Christopher E. Heaven's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff Jose Gomez proves were proximately caused by Defendant Jacob B. Simmerman or Christopher E. Heaven's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Jose Gomez's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Jose Gomez has actually suffered or that Plaintiff Jose Gomez is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Jose Gomez prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**Requested Instruction No. 22:**     **Granted_____     Denied_____     Modified_____**

---

[48] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 15.2 (2020-with revisions through June 2020)

## <u>AGREED JURY INSTRUCTION NO. 23</u>

**Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of Life[49]**

You may award damages for any bodily injury that Plaintiff Jose Gomez sustained and any pain and suffering, disability, disfigurement, mental anguish/emotional distress, and/or loss of capacity for enjoyment of life that Plaintiff Jose Gomez experienced in the past or will experience in the future as a result of a bodily injury caused by Defendant Jacob B. Simmerman or Christopher E. Heaven. You should consider these elements of damage only to the extent you find them proved by a preponderance of the evidence:

No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Jose Gomez for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

**Requested Instruction No. 23:**      **Granted_____**      **Denied_____**      **Modified_____**

---

[49] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 15.3 (2020-with revisions through June 2020)

## DISPUTED

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24

### Emotional Distress Damages[50]

To recover compensatory damages for mental and emotional distress, Plaintiff Jose Gomez must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Jose Gomez must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

**Requested Instruction No. 24:         Granted_____   Denied_____   Modified_____**

---

[50] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 10.3 (2020-with revisions through June 2020)

<u>**DISPUTED**</u>

<u>**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25**</u>

**Mitigation of Damages[51]**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his damages, that is, to avoid or to minimize those damages.

If you find that Defendant Jacob B. Simmerman or Christopher E. Heaven is liable and that Plaintiff Jose Gomez has suffered damages, Plaintiff Jose Gomez may not recover for any item of damage which he could have avoided through reasonable effort. If you find that Defendants proved by a preponderance of the evidence that Plaintiff Jose Gomez unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether that Plaintiff Jose Gomez acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendants have the burden of proving the damages that that Plaintiff Jose Gomez could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Defendants have satisfied their burden of proving that that Plaintiff Jose Gomez's conduct was not reasonable.

**Requested Instruction No. 24:        Granted_____    Denied_____   Modified_____**

---

[51] U.S. Court of Appeals for the Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction 15.5 (2020-with revisions through June 2020)

**DISPUTED**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26**

**No Damages for Violation of Abstract Right**

A plaintiff is not entitled to damages based solely on the subjective importance of the constitutional right allegedly violated.  In other words, violation of a constitutional right, in and of itself, does not entitle Plaintiff Jose Gomez to an award of damages.  Your award, if any, should be based upon proof of actual injuries, not a demonstrated infringement of an abstract constitutional right.[52]

**Requested Instruction No. 25:**      **Granted____   Denied____   Modified____**

---

[52] *Memphis Community School District v. Stachura*, 477 U.S. 290, 310 (1986).

**DISPUTED**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27**

**Nominal Damages**

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred but the plaintiff has suffered no actual loss or injury.

If you find from a preponderance of the evidence that Plaintiff Jose Gomez sustained a technical violation of his rights under the Fourth Amendment but that Plaintiff Jose Gomez suffered no actual loss as a result of this violation, then your award must be limited to nominal damages in the amount of one ($1.00) dollar.[53]

**Requested Instruction No. 26:        Granted_____   Denied_____   Modified_____**

---

[53] *Carey v. Piphus*, 435 U.S. 247, 248 (1978)

**DISPUTED**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28**

**Punitive Damages Against Individuals and
Burden of Proof**

If you find that Defendant Jacob B. Simmerman or Christopher E. Heaven is liable for Plaintiff Jose Gomez's damages, you must award Plaintiff the compensatory damages that Plaintiff has proved by a preponderance of the evidence stem from his Section 1983 claim. You may, in addition, award punitive damages against the Officer to punish him and to deter others from committing similar wrongs. You may not award punitive damages unless you find the Officer's conduct was motivated by evil motive or intent (malice), or it involved reckless or callous indifference to the constitutionally protected rights of Jose Gomez.[54]

Plaintiff Jose Gomez has the burden of proving his entitlement to punitive damages related to his Section 1983 claim by a preponderance of the evidence. However, for his assault claim, Plaintiff Jose Gomez has the burden of proving both his entitlement to punitive damages and the amount, if any, by clear and convincing evidence.[55] "Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.[56]

One acts with malice when one purposefully or knowingly violates another's rights or safety.  Once acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.

A willful and malicious act is one that is knowingly done out of ill will, spite, evil motive or intent or is plainly intended to harm another.  Defendants Jacob B. Simmerman and Christopher E. Heaven cannot be liable for punitive damages unless Plaintiff establishes that the particular Officer acted willfully, intentionally or with a reckless and callous indifference to Jose Gomez's constitutional rights.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice or sympathy toward any

---

[54] *Smith v. Wade*, 461 U.S. 30, 56 (1983); *BMW of North America v. Gore*, 517 U.S. 559 (1996)

[55] *Hudson v. Bd. of Regents of Tex. S. Univ*., H-05-CV-03297, 2009 WL 10689253, at *3 (S.D. Tex. Sept. 11, 2009) ("Absent a jury finding based on clear and convincing evidence of malice, gross negligence or fraud, exemplary damages may not be awarded."); *Munoz v. State Farm Lloyds of Texas,* 522 F.3d 568, 574 (5th Cir. 2008).

[56] Tex. PJC – General Negligence, Intentional Personal Tots & Workers' Compensation (2018, PC 110.33B (general question).

party. It should be presumed that Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the officer's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in finding the proper amount:

(1) The reprehensibility of the officer's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether the officer's conduct was motivated by a desire to augment profit; and

(2) The ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the Plaintiff or with which the Plaintiff was threatened. and

You may consider the officer's financial resources, if any, in fixing the amount of punitive damages, if any.[57]

**Requested Instruction No. 27:** **Granted_____** **Denied_____** **Modified_____**

---

[57] Adapted from U.S. Court of Appeals for the Fifth Circuit, Civil Pattern Jury Instructions, Instruction 15.7 (2014-with revisions through October 2016); *Smith v. Wade*, 461 U.S. 30 (1983); *Longoria By Longoria v. Wilson*, 730 F.2d 300, 305 (5th Cir. 1985); *Young v. City of New Orleans*, 751 F.2d 794, 799-800 (5th Cir. 1985).

## DEFENDANTS' PROPOSED INTERROGATORIES

### Jury Interrogatory 1: Use of Force

Do you find by a preponderance of the evidence that on March 29, 2017 during the subject incident, any of the Defendants' use of force was clearly excessive to the need?

Answer "Yes" or "No" as to each.  Plaintiff has the burden of proof as to this question.

Jacob B. Simmerman                    _____          _____

                                                     Yes             No

Christopher E. Heaven                  _____          _____

                                                     Yes             No

If you answered "No" to Question No. 1 as to both Defendants, proceed to Question No. 4. If you have answered "Yes" to Question No. 1 as to any of the Defendants, then answer Question No. 2 as to that Defendant or Defendants only.

**<u>Jury Interrogatory 2: Use of Force</u>**

Did Plaintiff Jose Gomez prove by a preponderance of the evidence that he suffered an injury which resulted directly and only resulted from the unreasonable use of force by any of the Defendants that was clearly excessive to the need?

Answer "Yes" or "No" only for those Defendants as to whom you answered "Yes" on Question No. 1.

Jacob B. Simmerman            \_\_\_\_\_        \_\_\_\_\_

                                                   Yes            No

Christopher E. Heaven         \_\_\_\_\_        \_\_\_\_\_

                                                   Yes            No

If you answered "No" to Question No. 2 as to both Defendants, proceed to Question No. 4. If you answered "Yes" to Question No. 2 as to one or both of the Defendants, then answer Question No. 3 as to that Defendant or Defendants only.

**<u>Jury Interrogatory 3: Qualified Immunity</u>**

With respect to the following Defendants, did Plaintiff prove by a preponderance of the evidence that no reasonable officer could have believed that the Defendant's use of force was lawful, based on clearly established law and the same information that the Defendant possessed at the time he acted.

Answer "Yes" or "No" only for those Defendants as to whom you answered "Yes" on both Question No. 1 and Question No. 2.

Jacob B. Simmerman                      \_\_\_\_\_          \_\_\_\_\_
                                                                    Yes                     No

Christopher E. Heaven                   \_\_\_\_\_          \_\_\_\_\_
                                                                    Yes                     No

**<u>Jury Interrogatory 4: Assault</u>**

Do you find by a preponderance of the evidence that either of the Defendants assaulted Jose Gomez on March 29, 2017, in violation of Texas law and without police officer justification?

Answer "Yes" or "No" as to each.  Plaintiff has the burden of proof as to this question.

Jacob B. Simmerman                           \_\_\_\_\_              \_\_\_\_\_

                                                              Yes                 No

Christopher E. Heaven                       \_\_\_\_\_              \_\_\_\_\_

                                                              Yes                 No

If you answered "No" to Question No. 4 as to both Defendants, then do not answer Question Nos. 5 and 6 and proceed to Question No. 7.  If you answered "Yes" to Question No. 4 as to both Defendants, then answer Question No. 5 as to both Defendants.  If you answered "Yes" to Question No. 4 as to only one of the Defendants, answer Question No. 5 as to that Defendant only.

**Jury Interrogatory 5: Official Immunity**

Do you find by a preponderance of the evidence that the Defendant(s) acted in good faith, that is, that a reasonably prudent officer, under the same or similar circumstances, could have believed that his conduct was justified based on the same information he possessed at the time he acted and without the clarity of 20/20 hindsight? If officers of reasonable competence could disagree on this issue, then the Defendants acted in good faith.

Answer "Yes" or "No" as to each.  Defendants have the burden of proof as to this question.

Jacob B. Simmerman                              \_\_\_\_\_            \_\_\_\_\_

                                                                    Yes                    No

Christopher E. Heaven                          \_\_\_\_\_            \_\_\_\_\_

                                                                    Yes                    No

If you answered "No" to any Defendant in Question No. 5, answer Question No. 6.

## Jury Interrogatory 6: Proportionate Responsibility (for question assault only) [58]

Assign percentages of responsibility only to those you found caused or contributed to cause the Plaintiff Jose Gomez's injuries, if any, from the assault.  You must find a total of 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found.

For each person you found caused or contributed to cause Plaintiff Jose Gomez's injuries, from the assault, find the percentage of responsibility attributable to each:

1.      Jacob B. Simmerman        _____ %

2.      Christopher E. Heaven      _____ %

3.      Jose Gomez                       _____ %

Total                                _____100_____ %

If you answered "No" to Question Nos. 1 and 4, do not answer Question No. 7. If you answered "No" to Question Nos. 2 and 4, do not answer Question No. 7.  If you answered "No" to Question No 3 and "Yes to Question No. 5, do not answer Question No. 7. Otherwise answer Question No. 7.

## Jury Interrogatory 7: Total Damages

---

[58] Tex. PJC – General Negligence, Intentional Personal Tots & Workers' Compensation (2018, PC 4.3 (general question).

What amount of total damages, if any, has Plaintiff proved by preponderance of evidence that resulted from the incident? Answer in dollars and cents or $0.

$_____

If you answered for any amount greater than $0 in Question No. 7 then answer Question No. 8.  Otherwise do not answer Question No. 8.

**Jury Interrogatory 8: Damages for Excessive Force**

From the amount stated above in Question No. 7, what amount do you find resulted directly and only resulted from the unreasonable use of force that was clearly excessive to the need by any of the Defendants. Answer in dollar cents

1.    Jacob B. Simmerman          $_____

2.    Christopher E. Heaven        $_____

**Jury Interrogatory 9: Damages from Assault**

From the amount stated above in Question No. 7, what amount do you find resulted directly and only resulted from the assault. Answer in dollar cents

$_____

If you answered "Yes" to Question 3 for one or both of the Defendants, then answer the following question. Otherwise, do not answer the following question.

**Jury Interrogatory 10: Punitive Damages**

Did Plaintiff prove by preponderance of the evidence that the Defendants' actions as found by you in Question Nos. 1 and 2 were deliberate, willful or made with reckless disregard to Plaintiff's constitutional rights?

Answer "Yes" or "No" only for those Defendants as to whom you answered "Yes" to Question 3. Plaintiff has the burden of proof as to this question.

Jacob B. Simmerman                   \_\_\_\_\_          \_\_\_\_\_

                                     Yes            No

Christopher E. Heaven                \_\_\_\_\_          \_\_\_\_\_

                                     Yes            No

If you answered "No" to Question No. 5 for one or both of the Defendants, then answer the following question. Otherwise, do not answer the following question.

**Jury Interrogatory 11: Punitive Damages**

Did Plaintiff prove by clear and convincing evidence that the Defendants' actions as found by you in Question No. 4 resulted from malice?

The term "malice" is defined as a specific intent to cause substantial injury or harm to Plaintiff Jose Gomez.

Answer "Yes" or "No" only for those Defendants as to whom you answered "No" to Question No. 5.

Jacob B. Simmerman          \_\_\_\_\_          \_\_\_\_\_

                                            Yes                    No


Christopher E. Heaven       \_\_\_\_\_          \_\_\_\_\_

                                            Yes                    No


If you answered "Yes" to Question No. 10 and/or to Question No. 11 for one or both of the Defendants, then answer the following question. Otherwise, do not answer the following question.

**<u>Jury Interrogatory 12  : Punitive Damages</u>**

What punitive damages do you award to Plaintiff? Do not include any amount of damages you may have previously awarded. Plaintiff has the burden of proof as to this question.

Answer in dollars and cents, if any, or zero.

Jacob B. Simmerman                    _____

                                      Amount


Christopher E. Heaven                 _____

                                      Amount

## **Certificate for Question No. 12**

If you awarded any amount for punitive damages in Question No. 12, you must complete this certificate.

Were all amounts awarded against Jacob B. Simmerman for punitive damages in Question No. 12 based on clear and convincing evidence?

Answer "Yes" or "No"                    _____

Were all amounts awarded against Christopher E. Heaven for punitive damages in Question No. 12 based on clear and convincing evidence?

Answer "Yes" or "No"                    _____

48