UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSE GOMEZ,                        §
                                   §
        Plaintiff,                 §
VS.                                §    CIVIL ACTION NO. 4:18-CV-1224
                                   §
CITY OF HOUSTON, TEXAS, *et al*,   §
                                   §
        Defendants.                §

## JURY CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however,

consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendant in arriving at your verdict. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## A. Burden of Proof

Except as otherwise instructed, Plaintiff Jose Gomez has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Jose Gomez has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

## B. No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim, and is not evidence.

## C. Discontinuance as to Some Parties

Certain parties are no longer involved in this trial. As jurors, it is your duty to consider the issues among the remaining parties.

## D. Bias, Sympathy, and Prejudice

You are the sole and exclusive judges of the facts. Under your oath as jurors you are not to be swayed by bias, sympathy or prejudice. You should be guided by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. Do not let bias, prejudice or sympathy play any part in your deliberations. A city and all other persons are equal before the law and must be treated as equals in a court of law. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil suit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

## E. Evidence

The statements and arguments of counsel are not evidence in this case. The evidence you are to consider consists of the testimony of the witnesses (live or by deposition), the documents and other exhibits admitted into evidence (which you will take with you to the jury room), and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. In other words, you may make deductions and reach conclusions that reason, and common sense lead you to draw from the facts that have been established by testimony and evidence in this case.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## F. Arguments and Objections of Counsel

Statements and arguments of counsel are not evidence in this case. The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called

them. This testimony may be in person, by video conferencing, or by telephone. The evidence also includes all exhibits received in evidence, which you will take with you to the jury room, and all facts, which have been admitted or stipulated.

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not draw any inference against an attorney or his client because the attorney has made objections.

I may have sustained objections to questions asked without permitting the witness to answer, or where an answer was made, may have instructed that the answer be stricken from the record and that you disregard it. You may not draw any inference from an unanswered question nor may you consider testimony, which has been stricken in reaching your decision. Such items as I excluded from your consideration were excluded because they were not legally admissible as evidence. You must decide the case solely upon the admissible evidence before you.

## G. No Evidence Outside of Courtroom

You are instructed that anything you may have seen or heard outside this courtroom is not evidence and must be entirely disregarded.

## H. Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## I. Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## J. Law Enforcement Officer Testimony

You are required to evaluate the testimony of a law enforcement officer as you would the testimony of any other witness. No special weight, either higher or lower, may be given to his or her testimony because he or she is a law enforcement officer.

## K. Impeachment of Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an

intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## L. Stipulation of Fact

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

## M. 42 U.S.C. Section 1983 (Excessive Force)

The Plaintiff in this action claims that the Defendant police officers violated Plaintiff's constitutional rights to be free from excessive force. As a result of the Defendant police officers' actions, the Plaintiff claims that he suffered injuries for which he seeks damages.

The Defendants deny their actions during the time in question violated the Plaintiff's constitutional rights. The Defendants contend that their actions during the incidents in question did not constitute excessive force, were within the bounds of appropriate police responses, and deny that the Plaintiff suffered compensable damages from unreasonable force.

Section 1983 of Title 42 of the United States Code provides that any individual may seek redress in this Court by way of damages against any Defendant who intentionally deprives that individual of any rights, privileges, or immunities secured or protected by the constitution or laws of the United States.

In order to prove a claim under this statute, the Plaintiff must establish by a preponderance of the evidence each of the following:

(1) the Defendant intentionally committed acts that operated to violate Plaintiff's constitutional right to be free from excessive force; and

(2) the Defendant's acts were the legal cause of the Plaintiff's damages.

Individuals are protected against the use of excessive force by the Fourth

Amendment to the Constitution. Injuries which result from an officer's use of reasonable force to overcome resistance to arrest do not involve constitutionally protected interests.

In order to prove that a Defendant used excessive force in violation of the Fourth Amendment, the Plaintiff must prove by a preponderance of the evidence:

- some injury, that

- resulted directly and only from the use of force that was clearly excessive to the need; and

- the excessiveness of the force was objectively unreasonable in light of the facts and circumstances at the time.

Some of the things you may want to consider in determining whether a Defendant used excessive force are:

- the severity of the alleged criminal offenses at issue,
- the threat reasonably perceived by the responsible officers, if any,
- whether the Plaintiff was actively resisting arrest,
- the extent of the injury suffered,
- the need for the application of force,
- the relationship between the need and the amount of force used, and
- any efforts made to temper the severity of a forceful response.

This reasonableness inquiry is an objective one: the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting the officer, without regard to the officer's underlying intent or motivation.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. If an officer reasonably, but mistakenly, believed that a person posed a greater threat than in fact he did, the officer would have been justified in using more force than was actually necessary. The nature of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

As I mentioned previously, one factor you may consider in your analysis is the

severity of the criminal offense which Plaintiff is alleged to have committed. You should not consider, however, whether his arrest was lawful.

If you find that Plaintiff has proven his claim, you must then consider individually each Defendant's defense that his conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue. The question is whether a reasonable police officer in the same or similar circumstances would understand that what he is doing violated Plaintiffs' constitutional rights. This defense is called "qualified immunity."

Police officers are presumed to know about the clearly established constitutional rights of individuals. At the time of the incident in question, it was clearly established that a police officer may use measured and ascending force to overcome resistance to a detention or arrest. It was also clearly established that using force against a person who is attempting to comply with an officer's instructions, is not a threat to officers or others, and is not resisting is excessive.

Qualified immunity protects all but the plainly incompetent and those who knowingly violate the law. If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the incident, you find from a preponderance of the evidence that a Defendant used excessive force against Plaintiff that no reasonable officer could have believed was within the bounds of appropriate police responses, you must find for Plaintiff against that Defendant.

The Plaintiff must also prove by a preponderance of the evidence that the act or failure by a Defendant was a cause-in-fact of the damage the Plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendant was a proximate cause of the damage Plaintiff suffered. An act or omission is a proximate cause of the Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you should find for the Plaintiff and against the Defendant, then you must decide

8

the issue of damages.

## N. Plaintiff's State Law Claim — Assault

Plaintiff Jose Gomez claims that Defendants Jacob B. Simmerman and Christopher E. Heaven assaulted him in violation of Texas state law.

A person commits an assault if he (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative.

## O. Official Immunity

Official immunity, under certain circumstances, protects officers from state law claims. Officers are entitled to official immunity from suits arising from the performance of (1) discretionary duties (2) carried out in good faith (3) while acting within the scope of their authority.

A discretionary duty involves personal deliberation, decision, and judgment. Discretionary duties are contrasted with ministerial duties. As opposed to discretionary duties, ministerial duties are those for which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

An officer acts in good faith if a reasonably prudent officer, under the same or similar circumstances, could have believed the need to use force, and the degree of force used, was necessary.

Finally, officers act within the scope of their authority if they are discharging the duties generally assigned to them.

Official immunity is an affirmative defense. This means an individual defendant must establish all elements of the defense by the preponderance of the evidence.

## P. Mitigation of Damages

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his damages, that is, to avoid or to minimize those damages.

If you find that Defendant Jacob B. Simmerman or Christopher E. Heaven is liable and that Plaintiff Jose Gomez has suffered damages, Plaintiff Jose Gomez may not recover for any item of damage which he could have avoided through reasonable effort. If you find that Defendants proved by a preponderance of the evidence that Plaintiff Jose Gomez unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether that Plaintiff Jose Gomez acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendants have the burden of proving the damages that that Plaintiff Jose Gomez could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Defendants have satisfied their burden of proving that that Plaintiff Jose Gomez's conduct was not reasonable.


## Q. Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not

entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

*George C. Hanks Jr.*

# QUESTION NUMBER 1

Did Officer Heaven use excessive force against Jose Gomez?

Answer Yes or No: _____YES_____

If yes, did Officer Heaven use force against Jose Gomez that no reasonable officer could have believed was within the bounds of appropriate police responses according to clearly established law?

Answer Yes or No: _____YES_____

## QUESTION NUMBER 2

Did Officer Simmerman use excessive force against Jose Gomez?

Answer Yes or No: _____YES_____

If yes, did Officer Simmerman use force against Jose Gomez that no reasonable officer could have believed was within the bounds of appropriate police responses according to clearly established law?

Answer Yes or No: _____YES_____

## QUESTION NUMBER 3

Did Officer Heaven assault Jose Gomez in violation of Texas law?

Answer Yes or No: _____ YES _____

Did Officer Heaven prove by a preponderance of the evidence that official immunity protects him from liability for assault under Texas law?

Answer Yes or No: _____ NO _____

**QUESTION NUMBER 4**

Did Officer Simmerman assault Jose Gomez in violation of Texas law?

Answer Yes or No: _____YES_____

Did Officer Simmerman prove by a preponderance of the evidence that official immunity protects him from liability?

Answer Yes or No: _____NO_____

# QUESTION NUMBER 5

**Do you need to consider damages for any defendants?**

If you find that either Defendant:

1. Used excessive force against Jose Gomez that no reasonable officer could have believed was within the bounds of appropriate police responses according to clearly established law; OR
2. Assaulted Jose Gomez and did not establish by a preponderance of evidence that he is entitled to official immunity

then you must answer yes to this question for that defendant and proceed to consider damages. If not, stop and inform the bailiff that you have a verdict

Christopher Heaven: _____YES_____ (Answer yes or no)

Jacob Simmerman: _____YES_____ (Answer yes or no)

If Plaintiff Jose Gomez has proved his claims against Defendant Jacob B. Simmerman or Christopher E. Heaven by a preponderance of the evidence, you must determine the damages to which Plaintiff Jose Gomez is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Jose Gomez's damages as an indication in any way that I believe that Plaintiff Jose Gomez should, or should not, win this case. It is your task first to decide whether Defendant Jacob B. Simmerman or Christopher E. Heaven is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Jacob B. Simmerman or Christopher E. Heaven is liable and that Plaintiff Jose Gomez is entitled to recover money from Defendant Jacob B. Simmerman or Christopher E. Heaven.

# COMPENSATORY DAMAGES

If you find that Defendant Jacob B. Simmerman or Christopher E. Heaven is liable to Plaintiff Jose Gomez, then you must determine an amount that is fair compensation for all of Plaintiff Jose Gomez's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Jose Gomez whole—that is, to compensate Plaintiff Jose Gomez for the damage that he has suffered as a result of the wrongful conduct of Defendant Jacob B. Simmerman or Christopher E. Heaven. Compensatory damages are not limited to expenses that Plaintiff Jose Gomez may have incurred because of his injury. If Plaintiff Jose Gomez wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish, if any, that he has suffered because of Defendant Jacob B. Simmerman or Christopher E. Heaven's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff Jose Gomez proves were proximately caused by Defendant Jacob B. Simmerman or Christopher E. Heaven's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Jose Gomez's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Jose Gomez has actually suffered or that Plaintiff Jose Gomez is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Jose Gomez prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

## INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS OF CAPACITY FOR ENJOYMENT OF LIFE

You may award damages for any bodily injury that Plaintiff Jose Gomez sustained and any pain and suffering, disability, disfigurement, mental anguish/emotional distress, and/or loss of capacity for enjoyment of life that Plaintiff Jose Gomez experienced in the past or will experience in the future as a result of a bodily injury caused by Defendant Jacob B. Simmerman or Christopher E. Heaven. You should consider these elements of damage only to the extent you find them proved by a preponderance of the evidence:

No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Jose Gomez for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

## QUESTION NUMBER 6

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Jose Gomez for the injuries, if any, that resulted from the violation of his Constitutional rights by Defendant Christopher Heaven or Defendant Jacob Simmerman?

Answer separately, in dollars and cents, if any.

| | |
|---|---|
| Physical pain and suffering in the past | $ 225,000.00 |
| Physical pain and suffering in the future | $ 75,000.00 |
| Mental anguish in the past | $ 75,000.00 |
| Mental anguish in the future | $ 50,000.00 |
| Medical expenses in the past | $ 7,500.00 |
| Medical expenses in the future | $ 26,500.00 |
| Physical impairment in the past | $ 42,500.00 |
| Physical impairment in the future | $ 36,000.00 |

# QUESTION NUMBER 7

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Jose Gomez for the injuries, if any, that resulted from his assault under Texas law by Defendant Christopher Heaven or Defendant Jacob Simmerman?

Answer separately, in dollars and cents, if any.

| | |
|---|---|
| Physical pain and suffering in the past | $ 225,000.00 |
| Physical pain and suffering in the future | $ 75,000.00 |
| Mental anguish in the past | $ 75,000.00 |
| Mental anguish in the future | $ 50,000.00 |
| Medical expenses in the past | $ 7,500.00 |
| Medical expenses in the future | $ 26,500.00 |
| Physical impairment in the past | $ 42,500.00 |
| Physical impairment in the future | $ 36,000.00 |

## QUESTION NUMBER 8

Assign percentages of responsibility only to those you found caused or contributed to cause the Plaintiff Jose Gomez's injuries. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to anyone need not be the same percentage attributed to that one in answering another question.

1. Christopher Heaven: _____ 35 _____ %

2. Jacob Simmerman: _____ 65 _____ %

3. Jose Gomez: _____ 0 _____ %

   Total: 100%

# PUNITIVE DAMAGES

If you find that Defendant Christopher Heaven or Defendant Jacob Simmerman is liable for Plaintiff Jose Gomez's injuries, you must award Plaintiff Jose Gomez the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that Defendant Christopher Heaven or Defendant Jacob Simmerman acted with malice or reckless indifference to the rights of Plaintiff Jose Gomez. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiff Jose Gomez has the burden of proving that punitive damages should be awarded.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff Jose Gomez has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Christopher Heaven or Defendant Jacob Simmerman's misconduct was so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1. The reprehensibility of Defendant Christopher Heaven or Defendant Jacob Simmerman's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Defendant Christopher Heaven or Defendant Jacob Simmerman's conduct was motivated by a desire to augment profit;

2. The ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3. The possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of Defendant Christopher Heaven or Defendant Jacob Simmerman in fixing the amount of punitive damages.

## QUESTION NUMBER 9

What sum of money, if any, do you find to be an appropriate award of punitive damages against Defendant Christopher Heaven or Defendant Jacob Simmerman for the violation of Plaintiff Jose Gomez's constitutional rights?

Enter an amount, if any, in dollars and cents:

Christopher Heaven: _____ $10,000.00_____

Jacob Simmerman: _____ $10,000.00_____

## QUESTION NUMBER 10

What sum of money, if any, do you find to be an appropriate award of punitive damages against Defendant Christopher Heaven or Defendant Jacob Simmerman for the assault of Plaintiff Jose Gomez's under Texas law?

Only enter an amount on this question if you find by clear and convincing evidence that the Defendant assaulted Plaintiff Jose Gomez.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

Enter an amount, if any, in dollars and cents:

Christopher Heaven:     $5,000.00

Jacob Simmerman:     $10,000.00

JOSE GOMEZ, §
§
Plaintiff, §
§
VS. § CIVIL ACTION NO. 4:18-CV-1224
§
CITY OF HOUSTON, TEXAS, *et al*, §
§
Defendants. §

## VERDICT

We, the jury, return the foregoing as our unanimous verdict.

Original signature on File

7/13/2021
Date

Foreperson